IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUN 27 PM 4: 51

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| DORIS MAE GEATREAUX LEWIS<br>PLAINTIFF | CIVIL ACTION NO. |
| | SECTION    02-1340 |
| VERSUS | MAGISTRATE DIVISION |
| | SECT R. MAG 1 |
| HOMECOMING FINANCIAL NETWORK, INC.<br>AND<br>1ST CONSOLIDATED LENDING CORP<br>DEFENDANTS | |

ANSWER OF 1st CONSOLIDATED LENDING CORP.

Comes now, 1ST Consolidated Lending Corp, and files this its Answer to the Complaint and in support of same would unto the Court the following to-wit:

FIRST DEFENSE

That the Complaint fails to state a cause upon which relief can be granted.

SECOND DEFENSE

That the Complaint is barred by the applicable statues of limitations.

THIRD DEFENSE

That the Court lacks in personam jurisdiction.

FOURTH DEFENSE

That the Court lacks subject matter jurisdiction.

## FIFTH DEFENSE

That venue is not proper.

## SIXTH DEFENSE

That 1st Consolidated Lending Corp., pleads insufficiency of process and insufficiency of service of process.

## SEVENTH DEFENSE

This Defendant pleads the affirmative defense of accord and satisfaction.

## EIGHT DEFENSE

And now to answer the Complaint paragraph by paragraph this Defendant would show unto the Court the following to-wit:

1.

The allegations of paragraph 1 do not appear to anything other than a brief overview of the allegations of the Complaint and this Defendant would deny all allegations contained in paragraph 1.

2.

The allegations of paragraph 2 are denied.

3.

The allegations of paragraph 2 are denied

4.

Except to admit that Defendant 1st Consolidated Lending Corp., is a Delaware Corporation the remaining allegations of paragraph 4 are denied.

5.

This Defendant lacks sufficient information to admit or deny the allegations of paragraph 5 therefore the allegations are denied.

6.

The allegations of paragraph 6 are denied.

7.

The allegations of paragraph 7 are denied.

8.

The allegations of paragraph 8 are denied.

9.

The allegations of paragraph 9 are denied.

10.

The allegations of paragraph 10 are denied.

11.

The allegations of paragraph 11 are denied.

12.

The allegations of paragraph 12 are denied.

13.

The allegations of paragraph 13 are denied.

14.

The allegations of paragraph 14 are denied.

15.

The allegations of paragraph 15 are denied.

16.

The allegations of paragraph 16 are denied.

17.

The allegations of paragraph 17 are denied.

18.

The allegations of paragraph 18 are denied.

19.

The allegations of paragraph 19 are denied.

20.

The allegations of paragraph 20 are denied.

21.

The allegations of paragraph 21 are denied including sub-parts a through c.

22.

The allegations of paragraph 22 are denied.

23.

The allegations of paragraph 23 are denied including sub-parts a through h.

24.

The allegations of paragraph 24 are denied.

25.

The allegations of paragraph 25 are denied.

26.

The allegations of paragraph 26 are denied.

27.

The allegations of paragraph 27 are denied.

28.

The allegations of paragraph 28 are denied.

29.

The allegations of paragraph 29 are denied including sub-parts a through h.

30.

The allegations of paragraph 30 are denied.

31.

The allegations of paragraph 31 are denied.

32.

The allegations of paragraph 32 are denied.

33.

The allegations of paragraph 33 are denied.

34.

The allegations of paragraph 34 are denied.

35.

The allegations of paragraph 35 are denied.

36.

The allegations of paragraph 36 are denied.

37.

The allegations of paragraph 37 are denied.

38.

The allegations of paragraph 38 are denied.

39.

The allegations of paragraph 39 are denied.

40.

The allegations of paragraph 40 are denied.

In response to the last unnumbered paragraph which begins WHEREFORE this Defendant denies all allegations of that paragraph including all subpart thereof and specifically denies that the Plaintiff is entitled to the relief requested or any relief whatsoever and hereby demands that the Complaint exhibited against it be dismissed with prejudice and cost to the Plaintiff.

## NINTH DEFENSE

That 1st Consolidated Lending Corp. hereby demands that if the Court should grant a dismissal of the Complaint exhibited against it that it be awarded reasonable attorneys fees and costs.

This the 28 day of June, 2002.

EDWARD F. HAROLD
La. Bar Roll No. 21672
McCalla, Thompson, Pyburn,
Hymowitz & Shapiro
650 Poydras Street
Suite 2800
New Orleans, LA 70130
(504) 524-2499

CERTIFICATE OF SERVICE

I, Stephen J. Maggio, attorney for the Defendant do hereby certify that I have this day mailed postage prepaid a copy of the foregoing Answer of 1st Consolidated Lending Corp., to the following:

Lisa D. Munyon, Esq.
McGlinchey & Stafford
643 Magazine Street
New Orleans, LA 70130-3477

Charles M. Delbaum, Esq.
Rita G. Pereira, Esq.
New Orleans Legal Assistance Corporation
144 Elk Place, Suite 1000
New Orleans, LA 70112-2635

This the 27th, day of June, 2002.

_____
EDWARD F. HAROLD


EDWARD F. HAROLD
La. Bar Roll No. 21672
McCalla, Thompson, Pyburn,
Hymowitz & Shapiro
650 Poydras Street
Suite 2800
New Orleans, LA 70130
(504) 524-2499